**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FELIPE ANTONIO, | ) | NO. CV 14-4827-BRO(Ex) |
| Plaintiff, | ) | |
| v. | ) | SECOND CERTIFICATION AND ORDER |
| LUIS L. NAKASONE, etc., et al., | ) | TO SHOW CAUSE RE CONTEMPT |
| Defendants. | ) | |

IT IS ORDERED that Luis Nakasone ("Nakasone") shall appear on October 19, 2015, at 1:30 p.m., in the Courtroom of the Honorable Beverly Reid O'Connell, United States District Judge, and then and there shall show cause, if there be any, why Nakasone should not be adjudged in contempt by reason of the facts certified herein.

///
///
///
///
///
///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On January 13, 2015, this Court entered a "Judgment Re: Default Judgment" against Nakasone and other and in favor of Plaintiff.

2. On January 28, 2015, Plaintiff filed an "Application for Appearance and Examination Re: Enforcement of Judgment" seeking an order that Nakasone appear before the Magistrate Judge for a judgment debtor examination.

3. On January 28, 2015, the Magistrate Judge issued an "Order to Appear for Examination Re: Enforcement of Judgment," requiring that Nakasone appear before the Magistrate Judge on March 20, 2015, at 9:30 a.m in Courtroom 20 for a judgment debtor examination.

4. A proof of service filed by Plaintiff on February 11, 2015, purportedly reflects a February 7, 2015 personal service on Nakasone of the Magistrate Judge's "Order to Appear for

---

[1] The question of whether Nakasone should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for her consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3rd Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

1 Examination Re: Enforcement of Judgment."

3     5. On March 20, 2015, at 9:30 a.m. in Courtroom 20,
4 counsel for Plaintiff appeared for Nakasone's examination
5 but Nakasone failed to appear at that time and place. On
6 March 20, 2015, the Magistrate Judge continued Nakasone's
7 examination to April 3, 3015, at 9:30 a.m. in Courtroom 20.

9     6. On April 3, 2015, at 9:30 a.m in Courtroom 20, counsel for
10 Plaintiff appeared for Nakasone's examination, but Nakasone
11 failed to appear at that time and place. The Magistrate Judge
12 then continued Nakasone's examination to August 7, 2015, at 9:30
13 a.m. in Courtroom 20.[2]

15     7. On August 7, 2015, at 9:30 a.m. in Courtroom 20, counsel
16 for Plaintiff appeared for Nakasone's examination, but Nakasone
17 failed to appear at that time and place.

19     DATED: August 7, 2015.

22                                /S/
                              CHARLES F. EICK
23                   UNITED STATES MAGISTRATE JUDGE

---

[2] Based in part on Nakasone's March 20 and April 3, 2015 nonappearances, the Court previously found Nakasone in contempt, ordered him to pay $500.00 in sanctions to the Court, and ordered him to pay $3,342.50 in attorney's fees to Plaintiff. See Minute Orders filed June 10, 2015 and July 13, 2015.

3